[No. 37860-1-I.    Division One.    December 30, 1996.]

THE STATE OF WASHINGTON, *Appellant*, v. QUINCY
ALLEN KOERBER, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Pamela K.E. Mohr, Deputy,* for appellant.

*David B. Koch* and *Nielsen & Acosta,* for respondent.

BAKER, C.J. — The dispositive issue in this case is whether a trial judge abuses discretion by dismissing a criminal prosecution without a showing of prejudice to the defendant or evidence of governmental misconduct. The State appeals the trial court's dismissal of the charge against Quincy Koerber for a violation of the Uniform Controlled Substance Act (VUCSA). We hold that the trial

court abused its discretion by resorting to the extraordinary remedy of dismissing a criminal charge without first considering intermediate and less drastic remedial steps. We reverse the trial court and remand for reinstatement of the VUCSA charge and scheduling of a new trial date.

## I

The night before the trial was to begin, the State was informed that one of its witnesses was sick with the flu. The trial judge determined that because the witness was critical to the State's case, was not presently available, and because the State was unable to advise the court when the witness would be available, the case against Koerber would be dismissed with prejudice for "want of prosecution."

The trial judge specifically stated that he was not dismissing the case on his own motion in the interest of justice (CrR 8.3(b)), but on the basis of want of the State to prosecute properly.

On appeal, the parties argue at length whether the discretion of a trial court to dismiss a criminal conviction is circumscribed by CrR 8.3(b), that is: does a trial court have inherent authority beyond the dictates of CrR 8.3(b) to dismiss a criminal case?

However interesting this issue may be, we are not required to decide it in order to resolve this appeal. We are satisfied that the trial court's decision to dismiss, whether within or outside the confines of the rule, must be reviewed based upon an abuse of discretion standard. Utilizing that standard, we conclude that the trial court's dismissal order was an abuse of discretion.

Criminal convictions should not be dismissed for minor acts of negligence by third parties that are beyond the State's direct control when there is no material preju-

dice to the defendant.[1] The State did not engage in any unfair "gamesmanship," or intentional acts, to prevent the court from administering justice. The State's conduct did not warrant dismissal of its case against Koerber, and was an untenable ground for dismissal.

■ The trial judge ignored reasonable alternatives when he readily ordered the extraordinary remedy of dismissal.[2] Dismissal of a criminal case is a remedy of last resort, and a trial judge abuses discretion by ignoring intermediate remedial steps. We hold that the trial judge abused his discretion.[3]

■ If analyzed as a CrR 8.3(b) dismissal (despite the trial court's disavowal of this basis for the dismissal), we would nevertheless conclude that reversal is required. In considering whether a criminal case may be dismissed under CrR 8.3(b), the trial court must determine: (1) whether there has been any governmental misconduct or arbitrary action, and (2) whether there has been prejudice to the rights of the accused.[4]

The trial court's authority under CrR 8.3(b) to dismiss has been limited to "truly egregious cases of mismanage-

---

[1]*State v. Duggins*, 68 Wn. App. 396, 402, 844 P.2d 441 (finding dismissal unwarranted when the State's critical witness was not present to testify after the State issued a subpoena to compel the presence of the witness at trial, and only later discovered that the witness had not received the subpoena), *aff'd*, 121 Wn.2d 524, 852 P.2d 294 (1993).

[2]For example, the judge could have proceeded and waited to see whether the witness became well enough to testify within a reasonable time. It would have been reasonable for the court to grant a one day continuance and give the State the opportunity to proceed with its case if the witness was well enough to attend court, or to procure his testimony in a manner that the court would find acceptable. The court was not obliged, however, to grant an indefinite continuance.

[3]The State assigned error to the trial court's conclusion of law that an essential witness for the State could not be produced in a timely fashion. Because this is not relevant to the ultimate disposition of this case, we decline to address the issue.

[4]CrR 8.3(b) (in the furtherance of justice, the court "may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial").

ment or misconduct by the prosecutor."[5] Dismissal of a criminal proceeding is an extraordinary remedy.[6] Absent a finding of prejudice to the defendant, dismissal of a criminal case is not warranted.[7] Fairness to the defendant underlies the purpose of CrR 8.3(b).[8]

Even if the State's conduct in handling Koerber's case rose to the level of "arbitrary action or governmental conduct" warranting dismissal, dismissal would still be inappropriate because the record does not establish that there was any prejudice to Koerber resulting from that conduct.[9] The only mention of prejudice to Koerber came from his attorney, who told the court that Koerber would be prejudiced by a continuance because of his schedule of working nights and attending court in the day. The judge responded that Koerber's work schedule was not his concern, but that continuing the case would be an inconvenience to the jury. The trial court abused its discretion when it dismissed without finding prejudice to Koerber.[10]

## II

Under the doctrine of invited error, a party is prohibited from setting up an error at trial and then complaining of

---

[5]*Duggins*, 68 Wn. App. at 401 (citing *State v. Stephans*, 47 Wn. App. 600, 736 P.2d 302 (1987) as an example of egregious misconduct warranting dismissal under CrR 8.3(b) based on the State's encouragement of two witnesses to disobey the court's discovery order).

[6]*State v. Blackwell*, 120 Wn.2d 822, 830-31, 845 P.2d 1017 (1993) (quoting *City of Spokane v. Kruger*, 116 Wn.2d 135, 144, 803 P.2d 305 (1991)).

[7]*See City of Seattle v. Orwick*, 113 Wn.2d 823, 832, 784 P.2d 161 (1989) ("Because of our conclusion that the defendant was not prejudiced by the governmental misconduct in this case, the dismissal by the Court of Appeals under CrR 8.3(b) was inappropriate.").

[8]*State v. Cochran*, 51 Wn. App. 116, 124, 751 P.2d 1194, *review denied*, 110 Wn.2d 1017 (1988).

[9]*See* CrR 8.3(b).

[10]*See State v. Marks*, 114 Wn.2d 724, 731, 790 P.2d 138 (1990) (holding that dismissal by the trial court under CrR 8.3(b) was inappropriate in part because: "[i]n their briefs, the defendants here did not make any showing of prejudice, nor did the trial court make any specific finding of prejudice").

it on appeal.[11] Koerber argues that the State failed to exercise due diligence when it refused to call its available witnesses and failed to recognize that the missing witness was not critical. Therefore, he argues, the State in effect invited the court's error in dismissing the case.

■ The trial judge below indicated his inclination to dismiss the case, and his view that allowing the State to call its available witnesses would be futile. According to the judge, once that testimony was received, the court would still be faced with an impaneled jury and an indefinite continuance. Thus there was no lack of diligence on the part of the State because there was nothing more within its direct control it could have done to cause the case to continue.[12] The State did not make the motion to dismiss the case, rather it opposed the motion.[13]

The trial court's ruling was not urged upon the trial judge by the State. The trial judge made his decision to dismiss the case before the State had an opportunity to "urge" on the mistake. The State is not barred from complaining that the trial court abused its discretion by dismissing the case against Koerber.

A motion to strike portions of the State's reply brief has been passed to the hearing on the merits. The motion has been rendered moot by the State's removal of the offending portion of its reply brief.

Reversed and remanded for further proceedings.

---

[11]*State v. Pam*, 101 Wn.2d 507, 511, 680 P.2d 762 (1984), *overruled on other grounds by State v. Olson*, 126 Wn.2d 315, 893 P.2d 629 (1995).

[12]*See State v. McPherson*, 64 Wn. App. 705, 709-10, 829 P.2d 179 (finding no lack of diligence when there was nothing more the State could have done that would have allowed for trial prior to expiration of the speedy trial date), *review denied*, 119 Wn.2d 1014 (1992). Koerber argues that the State was not diligent in that it failed to find out more information about the sick witness that could have permitted the court to make a reasoned decision on how to proceed. Because the trial judge readily resorted to dismissal without considering other options, there was not much within the State's control that it could have done once the judge conveyed his desire to dismiss.

[13]The State argues, in fact, that because the motion to dismiss was initiated by Koerber, Koerber invited any error committed by the trial court.

KENNEDY and BECKER, JJ., concur.