170 P.3d 583 (2007)
STATE of Washington, Appellant,
v.
Ronald CHICHESTER, Respondent.
No. 57750-6-I.
Court of Appeals of Washington, Division 1.
October 29, 2007.
Heidi Joanne Jacobsen-Watts, King County Prosecuting Attorney's Office, Seattle, WA, for Appellant.
Edward A. Nelson, Edward Nelson Law Offices, Federal Way Office Center, Federal Way, WA, for Respondent.
*584 BECKER, J.
¶ 1 When Ronald Chichester appeared for his confirmed trial date, the State was not ready to try the case. The court denied the State's motion for a continuance and dismissed the case. Dismissal of a criminal prosecution is a remedy of last resort. But where the trial court acts within its discretion to deny a continuance and the State fails to propose an alternative to dismissal, the court's ruling rests on tenable grounds.

FACTS
¶ 2 The State charged respondent Ronald Chichester with driving under the influence in 2003. The case was filed and docketed in the East Division of King County District Court located in Bellevue. Each division of the district court has one jury week per month.[1] Chichester's case was originally set for trial in November 2003. The trial was continued a number of times for various reasons. In July 2004, it was set over to the September term. Chichester signed a waiver of speedy trial through October 31, 2004.[2]
¶ 3 On the Friday before the September jury week, presiding Judge Janet Garrow held a readiness hearing to solidify the jury trial schedule.[3] When Chichester's case was called, defense counsel Edward Nelson stated he was available to try the case on Wednesday and Thursday of the upcoming week. The State responded that those two days "are actually our available days as well."[4] At the end of the hearing, the court set the trial calendar for eight cases based on the stated availability of the parties and witnesses. The court set Chichester's trial and two other cases to begin on Wednesday.
¶ 4 After the court announced the schedule, deputy prosecutor Christine Wendt informed the court that the State had only one prosecutor available to proceed with the trials set on Wednesday and Thursday:
PROSECUTOR: Your Honor, one matter from the State  I noted that the court set uh I think two matters on Wednesday and two matters on Thursday which are both State cases and the State has only one prosecutor available so I don't know how the court handles that.
JUDGE: Well if you've got lots of cases you're going to need to get coverage.
PROSECUTOR: And unfortunately I don't know that we're going to be able to do that. We've got a number of people out.[[5]]
¶ 5 Judge Garrow recalled that the trial schedule had been set according to the dates the State indicated it was available. She said the court would not be inclined to find good cause for a continuance in this situation:
JUDGE: Those were the  I was able to accommodate everybody's schedule on the dates everyone said they were available. People were not available on Tuesday so I couldn't set dates Tuesday so those are the dates that have been set. So the State is going to have to (unintelligible).
PROSECUTOR: And uh I will do everything I can. I'll notify the court that based on the fact that the prosecutor is in trial in another case we may be requesting a good cause continuance.
JUDGE: Counsel I'm not bound at this point that would be a good cause. So I think you could work with the prosecutor's office and find some alternatives, okay. All right.[[6]]
¶ 6 Chichester appeared with Mr. Nelson, his attorney, on the following Wednesday, the date set for trial. Mr. Holland, the prosecutor assigned to Chichester's case, was present along with Ms. Wendt. Ms. Wendt moved to continue the case. She explained that Mr. Holland was not available because he was assigned to try another case that same day. Ms. Wendt argued that Chichester *585 would not be prejudiced because the continuance would still be within the speedy trial limit of October 31, 2004. She submitted a brief asserting that under these circumstances, the court would commit legal error by refusing a continuance.
¶ 7 Mr. Nelson opposed the motion, reminding the court that the State had confirmed Mr. Holland's availability for trial the previous week at the readiness hearing. The State had not contacted him to give notice that it would be unable to proceed as scheduled.[7] Mr. Nelson suggested that Ms. Wendt could try the case if Mr. Holland was not available. Ms. Wendt responded that the State had "one prosecutor and one prosecutor only" available for each trial day.[8]
¶ 8 The court was not receptive to the State's position. "We've had other prosecutors here besides the one who has been assigned."[9] The court asked Ms. Wendt what she was doing that day. Ms. Wendt said she was there to supervise Mr. Holland based on an office policy that new attorneys be supervised in their first trials. The court asked why Ms. Wendt had not assigned the case to another prosecutor. Ms. Wendt said she "spoke with" two other prosecutors, including a Ms. Nave, but was unable to find a replacement: "There are no other prosecutors. As I informed the Court on Friday."[10] In response to further inquiry, Ms. Wendt acknowledged that Ms. Nave was not engaged in another trial, but claimed that this was immaterial because Mr. Holland was the prosecutor who had prepared the case.
PROSECUTOR: And the case law specifically states that as long as there has been no mismanagement, which there has not been in this case, the prosecutor's office is not required to reassign the case. So even if we assume for the sake of argument that the State had ten other prosecutors waiting in the wings, Mr. Holland is the prosecuting attorney and we are not required to reassign this case.[[11]]
The court persisted with the suggestion that Ms. Wendt conduct the trial:
JUDGE: It would seem that both of you could be trying cases today in this court.
PROSECUTOR: And Your Honor, I'm not prepared to try cases today.
JUDGE: Counsel, as you know, I raised this issue on Friday. And so that if there was a need for a prosecutor to get this case prepared over the weekend for the first two days of this week, I would say there would have been ample time to reassign this case. A DUI case is a pretty standard case to prosecute on in District Court.[[12]]
¶ 9 Ms. Wendt stated that she personally was not prepared to go to trial as the trial attorney on the case and had no intention of doing so. "There is certainly time between now and the end of October, at least as far as the State is aware at this point, to try this case. Today is not that day."[13]
¶ 10 Defense counsel repeated that he was available to try the case that day. He explained that Chichester was missing work in order to be present for the confirmed trial date. Because Chichester's license was suspended, he had recruited a friend to drive him up from Toledo in southwestern Washington. "If they don't have someone here, that is mismanagement and the case should go forward or be dismissed."[14]
¶ 11 The trial court then made an extensive oral ruling denying the State's request for a continuance. The court was particularly *586 critical of the State for waiting until after the calendar was set to announce that only one prosecutor per day would be available.
[G]iven the number of cases that the State is here to go to trial on, and to have failed to alert the court that it is truly strapped and couldn't receive two cases on the same day. It would have been important to have some ability to have forced some other case to go to trial on say Thursday, and put a State case on Monday or Tuesday. . . . But the State knows the number of cases that it has. And it can't create a situation where we just continue to continue cases because the State isn't managing the case load that it has filed well. . . . But there is no reason [for a continuance] absent the fact the State doesn't want to come in with another prosecutor who could have prepared this case since last Friday when I put the State on notice.[[15]]
The court found there was prejudice to Chichester because of trial preparation, travel and further delay. "The State could proceed today but because of office policy in wanting to supervise its attorney and therefore I will deny the motion to continue."[16] The State chose not to proceed, whereupon the court granted a defense motion to dismiss:
DEFENSE: Defense is ready to proceed, Your Honor.
PROSECUTOR: And, Your Honor, the State is not ready to proceed. So if the court needs to bring on an appropriate remedy for that, I guess that's what the court will (unintelligible).
DEFENSE: Defense moves to dismiss, Your Honor, with prejudice.
JUDGE: Motion to dismiss is granted.[[17]]
¶ 12 On the State's appeal to the Superior Court, the decision of the District Court was affirmed. The State's appeal comes before this court on discretionary review pursuant to RAP 2.3(d)(1). The State contends the District Court erred in denying the motion to continue and in granting the motion to dismiss.

CONTINUANCE
¶ 13 In both criminal and civil cases, the decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court and is reviewed for abuse of discretion. The trial court's decision will not be disturbed unless the exercise of discretion is manifestly unreasonable or rests on untenable grounds or reasons. State v. Downing, 151 Wash.2d 265, 272-73, 87 P.3d 1169 (2004).
¶ 14 When a prosecutor is unavailable due to involvement in another trial, a trial court generally has discretion to grant the State a continuance unless there is substantial prejudice to the defendant in the presentation of his defense. State v. Raper, 47 Wash.App. 530, 535, 736 P.2d 680 (1987); State v. Jones, 117 Wash.App. 721, 728-29, 72 P.3d 1110 (2003). However, in Raper, Jones, and other cases cited by the State, the unavailability of the prosecutor was due to illness, a prescheduled vacation or training, involvement in a trial that had already started, or some other similarly unavoidable or unforeseeable conflict. The cases do not compel the granting of a continuance in the particular circumstances presented in this case.
¶ 15 "In exercising discretion to grant or deny a continuance, trial courts may consider many factors, including surprise, diligence, redundancy, due process, materiality, and maintenance of orderly procedure." Downing, 151 Wash.2d at 273, 87 P.3d 1169. Several of these factors support the trial court's decision here, particularly the necessity for orderly procedure in the setting of trials. At the readiness hearing, the State represented that it was ready to proceed with Chichester's case on Wednesday. Only after the court organized a calendar involving at least seven other cases did the State mention that it could not try two cases on the *587 same day. And despite being advised at the readiness hearing not to expect a continuance, the State appeared on the morning of trial with a motion to continue and no Plan B.
¶ 16 Noticing that two prosecutors were present, the court reasonably suggested that each of them try one case. The State rejected this idea based on its office policy regarding supervision of new attorneys. The State argues that the court abused its discretion in asking that Chichester's case be reassigned. We disagree. The trial court acted within its discretion in deciding that maintaining a confirmed trial setting had a higher priority than the prosecutor's office policy. And notwithstanding Ms. Wendt's conclusory remarks about having spoken with two other prosecutors, the court could reasonably conclude that the State did not use due diligence in solving the self-created scheduling conflict. The court also properly considered the expense and inconvenience that granting the motion would create for Chichester, who had missed work and traveled a considerable distance to be present for trial on the confirmed date.
¶ 17 The State was not on solid ground when it insisted that no one but Mr. Holland could try the two cases he was assigned to. True, there is no per se requirement for the State to reassign a case when the originally assigned prosecutor becomes unavailable. State v. Heredia-Juarez, 119 Wash.App. 150, 154-55, 79 P.3d 987 (2003). But the trial court is entitled to determine whether reassignment is feasible and necessary in a particular situation. In doing so the court may take into consideration the complexity of the case and the seriousness of the charge. Heredia-Juarez, 119 Wash.App. at 155-56, 79 P.3d 987. This is precisely the kind of assessment the court made here.
¶ 18 Few attorneys, having been warned that the court does not perceive a claimed shortage of personnel to be either serious or insoluble, would expect to obtain a continuance on the morning of trial. This is especially true when there is time to solve the problem and no showing of a diligent attempt to do so. The State has cited no authority mandating that a court must grant a continuance in these circumstances. We conclude the court acted within its discretion in denying the State's request for a continuance.

DISMISSAL
¶ 19 The State contends that even assuming the court properly refused to grant a continuance, it was error to dismiss the case. The State relies on State v. Koerber, 85 Wash.App. 1, 931 P.2d 904 (1996).
¶ 20 In Koerber, a drug case, the court learned on the morning of trial that a critical witness for the State was sick with the flu. The State was unable to pinpoint when the witness would be available. The court precipitously dismissed the case with prejudice for want of prosecution. This court reversed, concluding that the court had abused its discretion in dismissing the case without considering less drastic intermediate steps. Koerber, 85 Wash.App. at 2-3, 931 P.2d 904. "Criminal convictions should not be dismissed for minor acts of negligence by third parties that are beyond the State's direct control when there is no material prejudice to the defendant." Koerber, 85 Wash. App. at 3-4, 931 P.2d 904, citing State v. Duggins, 68 Wash.App. 396, 402, 844 P.2d 441, aff'd, 121 Wash.2d 524, 852 P.2d 294 (1993) (finding dismissal unwarranted when the State's critical witness was not present to testify despite subpoena having been issued, and State only later discovered the subpoena had not been received).
¶ 21 Koerber argued that the State had invited the error by refusing to call its available witnesses and failing to recognize that the missing witness was not critical. This court concluded, however, that there was nothing more the State could have done to make the case go forward, because the trial judge had already decided unilaterally that it would be futile to proceed without the witness. We also said that even if the dismissal was analyzed under CrR 8.3(b), despite the trial court's disavowal of this basis for dismissal, reversal would be required because there was no material prejudice to the defendant's rights. Koerber, 85 Wash.App. at 4-5, 931 P.2d 904.
¶ 22 Chichester's case is not like Koerber. There was no last-minute emergency beyond *588 the control of the State. The State inadvertently created a scheduling problem for itself. When warned that the court expected the State to solve the problem in a way that did not require another continuance, the State simply placed the problem back in the court's lap on the morning of trial. This was because of the State's purposeful disagreement with the court's calendar policy, not a minor act of negligence by a third party. Even then, the court did not prematurely dismiss the case, as happened in Koerber. The court was clearly willing to consider alternatives, such as proceeding with Ms. Wendt as prosecutor instead of Mr. Holland. The dissent suggests that the court could have gone even farther by ordering a brief recess so that the prosecutor would have another chance to think about how to get the case tried that day. We see merit in this suggestion, but cannot conclude that the court abused its discretion when the prosecutor had already had five days to consider the problem.
¶ 23 The State contends, however, that the case must be analyzed under CrRLJ 8.3(b) and if it is, then this court must hold  as indicated by Koerber  that Chichester was not prejudiced to the extent necessary to support a dismissal. The court rule provides that the court, "in the furtherance of justice after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." CrRLJ 8.3(b). The court is to set forth its reasons in a written order. Mere expense and inconvenience, or additional delay within the speedy trial period, do not meet this test; the misconduct must interfere with the defendant's ability to present his case. See, e.g., Duggins, 68 Wash.App. at 401, 844 P.2d 441. The State argues that continuances had already delayed Chichester's trial for almost a year, and he made no showing that another continuance for one more month would impair his ability to present his defense.
¶ 24 We think it plain from a review of the record in Chichester's case that the district court dismissed the case because the State was not ready, not on the basis that Chichester had been prejudiced by arbitrary action or governmental misconduct. Illustrative of fact patterns where a dismissal is governed by CrRLJ 8.3(b) are State v. Stephans, 47 Wash.App. 600, 736 P.2d 302 (1987) (dismissal proper where State encouraged two witnesses to disobey the court's discovery order); State v. Sherman, 59 Wash.App. 763, 801 P.2d 274 (1990) (dismissal proper where State, among other acts of mismanagement, failed to provide significant documents requested in discovery despite having agreed to do so); and State v. Blackwell, 120 Wash.2d 822, 845 P.2d 1017 (1993) (dismissal improper where State reasonably attempted to obtain personnel records in response to defendant's discovery request, but was unable to do so and in any event the documents were not shown to be material). We do not believe CrRLJ 8.3(b) is the controlling rule where the State comes to court on the date of trial unready to proceed after being unable to show good cause for a continuance. To hold that the court in such a situation cannot dismiss the case, but must instead grant another continuance, would mean that control of the court's criminal trial settings would be transferred to the State. The mere filing by the State of a last-minute motion to continue would routinely serve to dislodge a confirmed trial date, so long as there was time left in the speedy trial period. Surely this was not intended by the drafters of the rule.
¶ 25 When Chichester moved to dismiss, the State still had the opportunity to begin the trial with Ms. Wendt as prosecutor or to propose some other deployment of resources consistent with the trial date. Instead of objecting to a dismissal, the State declared itself unready to proceed and virtually invited the court to grant the defense motion.
¶ 26 Somewhat similar circumstances were presented in State v. Sulgrove, 19 Wash.App. 860, 578 P.2d 74 (1978). The State, having charged an escape under the wrong statute, was allowed to amend the information on the first day of trial. The trial court granted the State a one day continuance to obtain the documentary evidence needed to prove the amended charge. The next day, the State presented documents that were found to be *589 inadmissible. The State requested another continuance to obtain admissible evidence. The trial court dismissed the case because of the State's lack of preparation. This court affirmed. Sulgrove, 19 Wash.App. at 863, 578 P.2d 74. Of significance to the present case, we noted parenthetically that "had the trial court not dismissed the prosecution under CrR 8.3(b), but simply allowed the trial to proceed and denied any request for a continuance (as would have been well within its discretion, having already granted one continuance), the State would have failed for a lack of evidence." Sulgrove, 19 Wash.App. at 863, 578 P.2d 74. The same is true here. The trial court was within its discretion to deny the request for a continuance. Because the State was not ready to proceed, the case would have necessarily failed for lack of evidence if the court had called it for trial. Granting the defense motion to dismiss simply recognized that reality.
¶ 27 Control of a trial calendar ultimately rests with the court, not the litigants. The court's decisions were reasonable. We find no abuse of discretion.
¶ 28 Affirmed.
WE CONCUR: ELLINGTON, J.
COX, J. (concurring in part and dissenting in part).
¶ 29 I concur in the majority opinion to the extent that it holds that the trial court did not abuse its discretion by denying the State's motion for continuance on the morning scheduled for trial. I dissent from the part of the majority's opinion holding that dismissal of the DUI charge in this case was correct.

CONTINUANCE
¶ 30 The decision to grant or deny a motion for a continuance rests within the sound exercise of discretion by the trial court.[1] Reviewing courts will not disturb the trial court's decision unless the appellant or petitioner makes a clear showing that the trial court's discretion is manifestly unreasonable or exercised on untenable grounds or for untenable reasons.[2] In exercising discretion to grant or deny a continuance, trial courts may consider many factors, including whether the administration of justice requires a continuance and whether there is prejudice to the defendant's presentation of his or her defense.[3]
¶ 31 On the September 17, 2004 date of trial setting of this case, the trial court was on notice that the State would likely have problems in getting a prosecutor to try this case. Importantly, however, the State was also on notice that the court was unlikely to grant a continuance of the trial based on the State's then representations to the court. Moreover, the court was quite specific in stating on the date of trial setting that it expected the State to use its best efforts to find alternatives so that it had a prosecutor to try this case, as scheduled.
¶ 32 Notwithstanding this admonition by the court on the date of trial setting, the State arrived in court on the September 22 scheduled trial date with two prosecutors, seeking a continuance of the trial to a future date. The State insisted that neither of them could try this case. Where, as here, the office policy of the State to supervise an attorney on his or her first DUI trial conflicted with the court's conclusion that the instant case could be tried on that date, the court had a tenable basis to deny a continuance to another day. In short, the trial court was within its discretion to deny the State's motion to continue the case to another day on or before the expiration of the speedy trial period on October 31, 2004.

*590 DISMISSAL
¶ 33 The separate and more troubling question is whether, on this record, the trial court abused its discretion in dismissing this case. I conclude that it did.
¶ 34 The governing rule for dismissals in district court is CrRLJ 8.3(b), which states as follows:
The court, in the furtherance of justice after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.[[4]]
The substantially identical wording of CrRLJ 8.3(b) and CrR 8.3(b) requires that we construe the two rules in the same way.[5] Neither party in this case argues otherwise.
¶ 35 In construing CrR 8.3(b), the supreme court has been clear in articulating which principles control. According to that court, there are two requirements for dismissal. First, a defendant must show arbitrary action or governmental misconduct.[6] Governmental misconduct, however, "need not be of an evil or dishonest nature; simple mismanagement is sufficient."[7] Second, a defendant must show prejudice affecting his right to a fair trial.[8] "Such prejudice includes the right to a speedy trial and the `right to be represented by counsel who has had sufficient opportunity to adequately prepare a material part of his defense. . . . '"[9]
¶ 36 The supreme court has repeatedly stressed that "`dismissal of charges is an extraordinary remedy available only when there has been prejudice to the rights of the accused which materially affected his or her rights to a fair trial.'"[10]
¶ 37 First, the district court in this case failed to articulate on the record its reasons for dismissing the case, although CrRLJ 8.3(b) requires such a specification. The portion of the record dealing with dismissal is limited to the following exchange between the court and the parties:
DEFENSE: Defense is ready to proceed, Your Honor.
PROSECUTOR: And, Your Honor, the state is not ready to proceed. So if the court needs to bring on an appropriate remedy for that, I guess that's what the court will (unintelligible).
DEFENSE: Defense moves to dismiss, Your Honor, with prejudice.
JUDGE: Motion to dismiss is granted.[[11]]
¶ 38 Requiring a statement of reasons for granting a dismissal is not a mere technical requirement. As the supreme court noted in State v. Michielli, the absence of such a specification hampers review and makes it unclear which part or parts of the record may have served as the basis for the court's ruling.[12]
¶ 39 Second, review of the dismissal in this case is further hampered by the absence of *591 any argument on this issue by Chichester in his briefing below or on review. The Brief of Respondent at this stage of the review simply ignores the issue. Chichester likewise ignored the issue in his briefing below on RALJ appeal.[13]
¶ 40 This court may, of course, affirm the trial court on any basis supported by the record.[14] The question is whether this court should do so in this case.
¶ 41 The majority states that it is plain from the record that the district court dismissed the case because the State was not ready, not because Chichester had been prejudiced by arbitrary action or governmental misconduct.[15] But it was Chichester who stated on the record below, "If they don't have someone here, that is mismanagement and the case should go forward or be dismissed."[16] In view of this statement and the trial court's failure to articulate its reason for dismissal, it is not clear to me on what ground the court based its dismissal.
¶ 42 In any event, if the reason for dismissal was obvious, it would have been easy enough for the court to state that reason on the record. Likewise, Chichester could have argued that point in his briefs on review. He did not.
¶ 43 More importantly, as I point out later in this dissent, I am not convinced from the colloquy that occurred after the trial court denied the motion to continue that the State would not have tried this DUI case later that day if required to do so.
¶ 44 The plain words of CrRLJ 8.3(b) and supreme court precedent make clear that "prejudice affecting the defendant's right to a fair trial" is generally a requirement for dismissal of a criminal case. Here, the record lacks any such showing.
¶ 45 The trial court, after reviewing the procedural history of this case, indicated in its oral ruling denying the motion to continue that the "defendant is prejudiced by the way in [which] this case [is] coming to trial."[17] As the majority notes, this appears to have been based on the fact that Chichester had to travel a long way to attend trial, only to face further delay had a continuance be granted.[18] But nowhere is there any explanation of how Chichester's right to a fair trial was prejudiced by these or any of the matters on which the court relied in ruling on the separate defense motion to dismiss. The court also stated that there was a request that the defendant waive speedy trial.[19] But the record is clear that the State's position was that the continuance it requested be within the speedy trial period, not beyond.[20] Waiver of speedy trial was simply not at issue in this case.
¶ 46 Chichester's briefing below and before this court does not address the dismissal issue. For the first time at oral argument, Chichester argued that the following factors showed prejudice: the court's interest in maintaining orderly procedure, the fact that the State had not properly pursued the case, Chichester's travel from a distance to attend trial, the fact that the case had already been set and confirmed for trial, the expectation that the case would go forward on the scheduled date, and the lack of notification to Chichester's counsel that the State would seek a continuance. While frustrating to Chichester, none of these factors demonstrates any prejudice to Chichester's right to a fair trial.
¶ 47 Because Chichester has failed in his burden to show any prejudice to his right to a fair trial by the State's actions, the ultimate question before this court is whether dismissal was proper. I conclude that it was not.
¶ 48 State v. Koerber teaches that a trial judge must consider reasonable alternatives when ordering the extraordinary remedy of *592 dismissal.[21] In short, dismissal of a criminal case is a remedy of last resort, and a trial court abuses its discretion by ignoring intermediate remedial steps.
¶ 49 Here, the trial judge did consider alternatives when it decided the motion for continuance. The State rejected all of them. But the court did not consider other reasonable alternatives that may have been available when it considered the separate defense motion to dismiss. For example, the trial court could have ordered a short recess to permit the State the opportunity to reconsider whether it should proceed with its assigned prosecutor on this case and postpone the other case to which he was also assigned to later that day. The court could also have directed a recess to a later time that day with dismissal to follow if the State did not proceed with its case against Chichester. These obvious alternatives to the drastic remedy of dismissal were never explored on the record that is before us. In my view, this was error.
¶ 50 Even if the trial court could dismiss the case outside the limits of CrRLJ 8.3(b), as the majority concludes, I believe that the trial court abused its discretion in ordering dismissal in this case.[22] The trial court should have considered other alternatives such as a recess for trial later that day with dismissal to follow if the State refused to proceed.
¶ 51 The majority appears to fault the State for not proposing these additional alternatives at the time of the dismissal motion. I agree that the State does have such a responsibility. But that does not relieve the trial court of its duty to consider reasonable alternatives that the parties do not. After all, it is the trial court that has the primary duty to ensure that the extraordinary remedy of dismissal is not imposed except where it is truly warranted. Given the seriousness of the charge, the total absence of prejudice to Chichester's right to a fair trial, his failure to address the dismissal issue on appeal, and the inadequate exploration of alternatives, I conclude that this record fails to demonstrate that dismissal was truly warranted.
¶ 52 Had the State maintained its position that it would not have tried the case that day even after considering these additional alternatives, I would agree that dismissal would have been proper. But we simply have no way of knowing what would have happened had these alternatives been considered.
¶ 53 I would reverse and remand for trial.
NOTES
[1] King County District Court Local Rule LCrRLJ 6.1.
[2] Clerk's Papers at 9 (Docket Entry, July 16, 2004).
[3] King County District Court Local Rule LCrRLJ 4.5(d)(1).
[4] Clerk's Papers at 116 (Report of Proceedings at 2).
[5] Clerk's Papers at 117 (Report of Proceedings at 3).
[6] Clerk's Papers at 117-18 (Report of Proceedings at 3-4).
[7] The State had attempted to contact Chichester by leaving a message over the weekend with the attorney who had briefly represented him at the beginning of the case.
[8] Clerk's Papers at 123 (Report of Proceedings at 9).
[9] Clerk's Papers at 123 (Report of Proceedings at 9).
[10] Clerk's Papers at 124 (Report of Proceedings at 10).
[11] Clerk's Papers at 125 (Report of Proceedings at 11).
[12] Clerk's Papers at 125-26 (Report of Proceedings at 11-12).
[13] Clerk's Papers at 126 (Report of Proceedings at 12).
[14] Clerk's Papers at 129 (Report of Proceedings at 15).
[15] Clerk's Papers at 132 (Report of Proceedings at 18).
[16] Clerk's Papers at 133 (Report of Proceedings at 19).
[17] Clerk's Papers at 133 (Report of Proceedings at 19).
[1] State v. Downing, 151 Wash.2d 265, 272, 87 P.3d 1169 (2004).
[2] Id. (quoting State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971)).
[3] CrRLJ 3.3(f)(2) provides as follows:

On motion of the court or a party, the court may continue the trial date to a specified date when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense. The motion must be filed before the time for trial has expired. The court must state on the record or in writing the reasons for the continuance. The bringing of such motion by or on behalf of any party waives that party's objection to the requested delay.
[4] The parallel criminal rule in superior court is CrR 8.3(b), which states as follows:

The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.
[5] See State v. Mack, 89 Wash.2d 788, 792, 576 P.2d 44 (1978) (concluding that the superior court rules and the rules of limited jurisdiction should be interpreted as consistently as possible); accord City of Seattle v. Guay, 150 Wash.2d 288, 300, 76 P.3d 231 (2003).
[6] State v. Michielli, 132 Wash.2d 229, 239, 937 P.2d 587 (1997).
[7] Id. (emphasis in original).
[8] Id. at 240, 937 P.2d 587 (citing State v. Cannon, 130 Wash.2d 313, 328, 922 P.2d 1293 (1996)).
[9] Id. (quoting State v. Price, 94 Wash.2d 810, 814, 620 P.2d 994 (1980)).
[10] City of Spokane v. Kruger, 116 Wash.2d 135, 144, 803 P.2d 305 (1991) (quoting City of Seattle v. Orwick, 113 Wash.2d 823, 830, 784 P.2d 161 (1989)); accord State v. Blackwell, 120 Wash.2d 822, 830-31, 845 P.2d 1017 (1993).
[11] Clerk's Papers at 133.
[12] 132 Wash.2d 229, 240, 242, 937 P.2d 587 (1997).
[13] Respondent's Response to Appellant's Opening RALJ Brief, Clerk's Papers at 145-151.
[14] State v. Carter, 74 Wash.App. 320, 324 n. 2, 875 P.2d 1 (1994).
[15] Majority Opinion at ___.
[16] Clerk's Papers at 129 (emphasis added).
[17] Clerk's Papers at 132-133.
[18] Majority Opinion at ___.
[19] Clerk's Papers at 133.
[20] Clerk's Papers at 120.
[21] 85 Wash.App. 1, 4, 931 P.2d 904 (1996); see also State v. Wilson, 149 Wash.2d 1, 65 P.3d 657 (2003).
[22] See Koerber, 85 Wash.App. at 3-4, 931 P.2d 904 (whether or not a trial court has authority to dismiss outside of CrR 8.3(b), the standard of review is an abuse of discretion, and a trial court abuses its discretion by not considering alternatives to dismissal).