247 P.3d 454 (2011)
CITY OF KENT, Appellant,
v.
Davinder S. SANDHU, Respondent.
No. 63426-7-I.
Court of Appeals of Washington, Division 1.
February 7, 2011.
Michele Dianna Walker, City of Kent Law Department, Kent, WA, for Appellant.
Robert M. Leen, Attorney at Law, Woodinville, WA, for Respondent.
BECKER, J.
¶ 1 A trial court does not necessarily abuse its discretion by dismissing a criminal case when a subpoenaed trial witness fails to appear at the scheduled time. In this case, the trial had previously been rescheduled when the same witness was absent without a reasonable *455 excuse. The judge refused to delay the trial any longer and granted the defendant's motion to dismiss. We affirm.
¶ 2 Respondent Davinder S. Sandhu was charged by the City of Kent with one count of assault in the fourth degree with sexual motivation. Arraignment in Kent Municipal Court was on February 11, 2008. At Sandhu's request, the case was continued once and then set for trial in the court's July term. On July 15, both parties answered ready for trial. The court set July 22 as the trial date.
¶ 3 On July 22, the City moved for a continuance because the key prosecution witness, the alleged victim, was out of town. Sandhu moved to dismiss. The court reserved ruling pending an explanation for why the witness was out of town despite being under subpoena. At a hearing on August 5, the prosecutor provided the court with flight information showing the witness had been in California on July 22. The prosecutor did not know why the witness failed to return in time for trial on July 22. Over Sandhu's objection, the court found good cause to continue the case and set a readiness hearing for September 2. On that date, both parties again answered ready for trial. The court set trial to begin September 8 at 8:45 a.m.
¶ 4 On September 8, the case was sent out for trial before Kent Municipal Court Judge Robert McSeveney. A docket entry at 9:28 a.m. shows that Sandhu, his attorney, and a prosecutor were present. The witness was not present. Sandhu questioned the City's readiness. He pointed out that the court was still without an explanation for the absence of the witness on July 22, the previous trial date. The prosecutor said she had since learned that the witness was flying standby in July and could not get a flight back on July 22.
¶ 5 The witness had been subpoenaed for 9 a.m. The prosecutor said she had just spoken to the witness, who was "on her way down," but it would be "at least an hour" before she would arrive at the court. Judge McSeveney asked why the witness was not present at 9 a.m. The prosecutor explained that the witness had been put "on call" because of the uncertainty of the trial calendar. "There is never a guarantee as to when the case is going to be sent out, if it was in fact going to be sent out this morning. So the City has to try to juggle the convenience of its witnesses with, obviously, the schedule of the court."
¶ 6 The prosecutor suggested going ahead with voir dire and opening statements while waiting for the key witness to arrive. She argued that dismissal was premature until the trial reached the point where it was necessary for the City to call the witness.
¶ 7 Sandhu renewed his motion to dismiss. He emphasized that the witness had a history of not showing up. The court clerk confirmed that the witness had several outstanding arrest warrants.
¶ 8 Judge McSeveney granted the motion to dismiss. He said he would have expected "a little more due diligence . . . to try to get this person to court given the warrants." He noted that there were sufficient jurors available to start a trial and there were other cases standing by waiting for a jury trial. "My biggest concern is that witness was not here at 9:00 when they were subpoenaed to be here. It's now 9:45. And I think the City has an obligation to get your witnesses here ready to go."
¶ 9 The City appealed to the King County Superior Court. The court affirmed. We granted discretionary review.
¶ 10 A trial court's decision to grant or deny a motion to dismiss is reviewed for abuse of discretion. State v. Koerber, 85 Wash.App. 1, 3, 931 P.2d 904 (1996).
¶ 11 In Koerber, a critical witness for the State got the flu and was not available on the morning of trial. The trial court dismissed the case for "want of prosecution." Koerber, 85 Wash.App. at 3, 931 P.2d 904. This court reversed. "Dismissal of a criminal case is a remedy of last resort, and a trial court abuses discretion by ignoring intermediate remedial steps." Koerber, 85 Wash. App. at 4, 931 P.2d 904. We held the trial judge acted precipitously and "ignored reasonable alternatives":
For example, the judge could have proceeded and waited to see whether the witness became well enough to testify within a reasonable time. It would have been reasonable *456 for the court to grant a one day continuance and give the State the opportunity to proceed with its case if the witness was well enough to attend court, or to procure his testimony in a manner that the court would find acceptable. The court was not obliged, however, to grant an indefinite continuance.
Koerber, 85 Wash.App. at 4 & n. 2, 931 P.2d 904.
¶ 12 The City contends that the order of dismissal must be reversed under Koerber because beginning the trial without the witness was a reasonable alternative. We disagree. Unlike in Koerber, the witness had a history of disregarding her obligation to be in court, demonstrated not only by her failure to show up for the first trial date but also by the outstanding warrants. Under these circumstances, the court was not obliged to believe that the witness was "on her way down" any time soon. And unlike in Koerber, the absence of the witness was not beyond the prosecution's control. The prosecutor contributed to the uncertainty about whether the witness would appear by putting her "on call" for her convenience instead of directing her to arrive punctually at 9:00 a.m. as the subpoena commanded. Furthermore it is clear that proving the case through other witnesses was not an option. The prosecutor remarked, "If this was a situation where I was ready to call the witness and she wasn't here then I wouldn't have an argument for the court."
¶ 13 In Koerber, we analyzed the dismissal under CrR 8.3(b) despite the trial court's disavowal of this basis for the dismissal. Koerber, 85 Wash.App. at 3, 931 P.2d 904. Under CrR 8.3(b) and the analogous rule in municipal court, CrRLJ 8.3(b), a court may dismiss a criminal prosecution for arbitrary action or governmental misconduct, but only "when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." In Koerber, we concluded that even if the State had committed misconduct, dismissal would not be warranted under CrR 8.3(b) because there was no finding of prejudice to the defendant. The City contends the same is true here and that a short delay to wait for the witness could not have prejudiced Sandhu in any substantial way.
¶ 14 "Fairness to the defendant underlies the purpose of CrR 8.3(b)." Koerber, 85 Wash.App. at 5, 931 P.2d 904. For this reason, the requirement for a showing of prejudice under CrRLJ 8.3(b) is not satisfied merely by expense, inconvenience, or additional delay within the speedy trial period; the misconduct must interfere with the defendant's ability to present his case. State v. Chichester, 141 Wash.App. 446, 457, 170 P.3d 583 (2007). But as we determined in Chichester, CrRLJ 8.3(b) is not the controlling rule "where the State comes to court on the date of trial unready to proceed after being unable to show good cause for a continuance." Chichester, 141 Wash.App. at 458, 170 P.3d 583.
¶ 15 In deciding whether or not a continuance should be granted, a court may consider a number of factors, including "the necessity for orderly procedure in the setting of trials." Chichester, 141 Wash.App. at 454, 170 P.3d 583. The unavailability of a material State witness is a valid ground for a continuance where there is a valid reason for the unavailability, the witness will become available within a reasonable time, and there is no substantial prejudice to the defendant. State v. Day, 51 Wash.App. 544, 549, 754 P.2d 1021, review denied 111 Wash.2d 1016 (1988). But the decision to deny a continuance when a witness is absent remains discretionary, even when dismissal is the result. City of Bellevue v. Vigil, 66 Wash.App. 891, 895, 833 P.2d 445 (1992) (upholding dismissal where key witness had not responded to subpoena, State was unable to contact the witness during a 48 hour continuance, and court denied further continuance).
¶ 16 The City insists it was not seeking a continuance. But the effect was the same; the City wanted the court to wait for the witness to be available. Given the past performance of the witness, the court did not have to believe that she would be available shortly. The court had already granted a continuance once when the witness was absent without a reasonable excuse. As we said in Koerber, the fact that dismissal is a *457 remedy of last resort does not mean a court is obliged to grant continuances indefinitely. Koerber, 85 Wash.App. at 4 n. 2, 931 P.2d 904. We find no abuse of discretion.
¶ 17 Affirmed.
WE CONCUR: SPEARMAN and APPELWICK, JJ.