# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73814-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| STEPHEN J. HOPE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 22, 2016 |

SPEARMAN, J. — It is within the trial court's sound discretion to dismiss criminal charges against a defendant when a necessary witness for the State is unavailable for trial. The exercise of that discretion requires the trial court to make reasonable efforts to learn whether the witness can be made to appear within a reasonable time. The extent of the trial court's efforts and what constitutes a reasonable time are specific to the facts of each case. In this case, the trial court abused its discretion when it dismissed the charge against the defendant without knowledge of when the witness would appear and more information would have soon been available without causing a delay in the proceedings. We reverse and remand.

## FACTS

Early in the morning on May 16, 2014, a yellow Chevrolet pickup truck was reported stolen from Sicklesteel Cranes in Mount Vernon, Washington. The truck was equipped with a global positioning system (GPS) tracking device and it was quickly located by the Snohomish County Sheriff's Office. Deputy Dixon Poole saw the truck

pass him going in the opposite direction. The deputy got a clear look at the driver — a white male wearing sunglasses, a blue hardhat, and a flagger vest.

Poole and other deputies followed the truck to 8125 108th St. NE, Arlington, Washington, defendant Stephen Hope's home address. Hope was charged with possession of a stolen vehicle. Trial was set for February 27, 2015. On February 26, 2015, the parties obtained a continuance and the new trial date was May 1, 2015. On April 2, 2015, the parties jointly requested another continuance and the court set a new date of June 19, 2015.

The State requested a third continuance on May 21, 2015, because the deputy prosecutor assigned to the case would be taking medical leave. Defense counsel was amenable to the extension but Hope was not. The trial court found good cause for the continuance but extended the date only to July 2 instead of the requested date of July 24. On July 2, the State moved to continue trial again because Poole, a material witness, had a prescheduled family vacation. Poole was the only officer who could identify Hope as the driver of the stolen vehicle. The trial court reset the trial date to July 24, 2015.

At trial call on July 24, both parties answered ready and trial was set to begin the following Monday, July 27, at 9:00 a.m. On that day both parties indicated that their witnesses were "ready to go." Verbatim Report of Proceedings (VRP) at 19-20. The trial was expected to last three days, concluding on Wednesday, July 29. The court heard motions in limine, completed jury selection and gave the jury preliminary instructions before recessing for lunch. When trial reconvened at 1:30 p.m., the State indicated for

2

the first time that it had been unable to contact or locate Poole, who was scheduled to testify that afternoon.

> MR. GRANT: The second issue, over the lunch hour the State found out that they're having a difficult time contacting one of their witnesses so I may ask that we recess early today. I anticipated that witness being here and he is not here at this time, but we are ready to proceed with some evidence at this point.

> THE COURT: Who are you missing?
> MR. GRANT: Dixon Poole.
> THE COURT: Where is he?
> MR. GRANT: I don't have an answer for Your Honor.
> THE COURT: How could you not have an answer?
> MR. GRANT: Because I can't get ahold of him.
> THE COURT: How about his supervisor?
> MR. GRANT: He doesn't know where he is either. He's not signed in and his supervisor is unaware of where he's at right now.
> THE COURT: Is he supposed to be working? Why is this difficult to get this information? (sic)
> MR. GRANT: It's not a regular --
> THE COURT: Is he scheduled to be working today?
> MR. GRANT: No, he's subpoenaed to be here, he's not scheduled to work today. This is not a regularly scheduled date for him. I will know by close of business today where he's at and hopefully he will be here in the morning to testify.
> THE COURT: First issues first, is that acceptable to the defense to have him here at 9:00 to take care of that issue?
> MS. RANCOURT: Yes, Your Honor.
> MR. GRANT: He may show up today. He's not here yet.

VRP (7/27/15) at 39-41. Poole did not show up later that day, and the State's other scheduled witness, Deputy Gibson, had gotten the dates mixed up and also failed to appear. The State had no other witnesses to call and asked the court to recess for the day, about two hours earlier than its usual time. The court granted the request.

The next morning, the State notified the court that Poole had recently suffered "an unforeseen injury." VRP (7/28/15) at 84. The State did not know when the injury occurred, but indicated that he had had surgery during the previous week. It

3

represented that Poole would not be available to testify that day because he had been prescribed and was taking a high dosage of painkillers. Poole was scheduled to see his doctor at 11:30 that morning, after which he expected to have more information, but it was possible that he might not be available until the following week.

The State requested that trial proceed with the available witnesses, then find out during the noon recess when Poole would be available to testify, and depending on his availability, recess the trial until then. Hope's counsel objected and indicated that "we will be making a motion to dismiss." VRP (7/28/25) at 86. Both counsel requested an opportunity to brief the issue. When it appeared to the State that the court was not inclined to grant a lengthy recess, it asked for a short recess at that point to determine Poole's availability. The court refused to grant the State another recess and indicated that it would grant a motion to dismiss. The court stated:

> THE COURT: ...It is conceded that Deputy Poole is the State's chief material witness. Without him the case folds. We've had difficulty getting ahold of Deputy Poole. He's known at least for a week what's going on.... He's under an obligation to notify the State and the State is under an obligation to know where their witnesses are. I don't find any plausible excuse for the failure of him to keep the State and the defense and the Court informed of his whereabouts. This case was continued twice, once by Judge Kurtz to the 17th and another one by Judge Appel over the defendant's objection to accommodate Deputy Poole. Even with that accommodation he seems unwilling to keep us informed of his whereabouts.

VRP (7/28/15) at 86-91. The trial court also relied on the State's representation that the witness would "potentially" not be available until the following week and cited some potential concerns about juror availability. The written order of dismissal, entered on July 28, 2015, stated that "[t]he court is not willing to recess this matter until Deputy

Poole is available and the State is unable to proceed without Deputy Poole." Clerk's Papers at 1. The State appeals.

## DISCUSSION

The State argues that the trial court abused its discretion when it dismissed the charges against Hope. It argues that the court should not have decided whether dismissal was appropriate until after it learned later that day when the absent witness would be available to testify. We agree.

A trial court's decision to dismiss criminal charges is reviewed for abuse of discretion. State v. Koerber, 85 Wn. App. 1, 3, 931 P.2d 904 (1996). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. State v. Downing, 151 Wn.2d 265, 272-73, 87 P.3d 1169 (2004). A decision is based on untenable grounds or for untenable reasons if the trial court applies the wrong legal standard, relies on unsupported facts, or takes a view that no reasonable person would take. State v. Rohrich, 149 Wn.2d 647, 654, 71 P.2d 638 (2003).

In this case, the morning of the second day of trial, the State advised the trial court that its key witness had recently had surgery and was unavailable to testify that day. The State suggested that the deputy might not be available until the following week, but that the actual length of any recess request was contingent on the information the State received during the noon hour after Poole's appointment with his doctor. The record shows that the State had three witnesses present and that it was ready to proceed with those witnesses during the morning session. The court offered no explanation as to why it could not proceed with the trial and await more definite information on the length of a

5

proposed recess. Instead it relied on the State's speculation that Poole would not be available until the next week, concluded that a delay of that length was unwarranted and dismissed the charge.

The issue in this case is not the trial court's substantive decision that in light of all the circumstances a recess to the following week was unwarranted. Instead the issue concerns when the court made the decision, what information the court had before it and whether gathering additional information would have impeded the trial. We conclude it was manifestly unreasonable for the trial court to dismiss the case when it did because the information upon which it relied was uncertain and more reliable information was likely available to the court without causing a delay in the proceedings.

Koerber is instructive. Koerber, 85 Wn. App. at 3-4. In that case, the night before trial was to begin, the State became aware that one of its critical witnesses was sick with the flu. The State was unable to advise the court when the witness would be able to appear. The trial court dismissed the case because the witness "was not presently available." Id. at 3. We concluded that the dismissal was an abuse of discretion and reversed because "the judge could have proceeded and waited to see whether the witness became well enough to testify within a reasonable time." Id. at 4, n.2.

Similarly here, there was no need for the trial court to decide whether dismissal was warranted at the point it did. The trial could have gone forward with the available witnesses. The court was aware that in a few hours it would likely know when Poole would be available to testify. The reasonable course would

have been to proceed with the trial that morning until the extent of Poole's unavailability became certain that afternoon. The court could then make an informed decision about whether a recess was warranted.[1] The trial court abused its discretion because it dismissed the charge against the defendant when it was uncertain when the witness would appear but the necessary information would have soon been available without causing a delay in the proceedings. We reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Spearman, J.

WE CONCUR:

Appelwick, J.

Becker, J.

---

[1] It is possible, of course, that when court reconvened after lunch, the State would either have no new information or confirm that Poole would not be available for a week or more. We express no opinion on whether, in either of those circumstances, dismissal would have been proper.