# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52677-8-II |
| Appellant, | |
| vs. | UNPUBLISHED OPINION |
| A.V., | |
| Respondent. | |

MAXA, P.J. – The State appeals the trial court's dismissal of second degree malicious mischief charges against AV. AV moved to exclude the State's witnesses after the State did not produce its witness list until a week after the court-imposed deadline and less than two weeks before trial. The court granted the motion and then dismissed AV's case, both under CrR 8.3(b).

We hold that the trial court abused its discretion in excluding the State's witnesses and dismissing the charges against AV. Accordingly, we reverse the trial court's exclusion of the State's witnesses and dismissal of the charges against AV and remand for further proceedings.

FACTS

*Pretrial Proceedings*

The State charged AV in juvenile court with second degree malicious mischief. AV was summoned to appear in court for an initial hearing on June 7, 2018.

The trial court called AV's case on June 7 for arraignment, but AV was not present. The court issued a bench warrant. Later that morning, AV appeared and the court reconvened. The trial court informed AV that he had been charged with a crime and appointed defense counsel. The court signed an order releasing AV to his mother's custody with conditions of release and quashed the bench warrant. The court ordered AV to return on July 12 "because we are not going to restart Court just because you wandered in the door late." Report of Proceedings (RP) at 4. The court also stated that it would "continue arraignment and pretrial" so that AV would have a chance to talk to his appointed counsel. RP at 4. The court entered an Order Setting Arraignment Date that continued the arraignment until July 12, scheduled the pretrial hearing for the same date, and scheduled the trial for August 9.

On July 12, AV returned for his arraignment. He entered a not guilty plea. AV's counsel also informed the court that she had not yet received the State's witness list. On June 21, AV had filed a demand for discovery in which he requested "[t]he names and addresses of persons whom the prosecuting authority intends to call as witnesses at the hearing or trial, together with any written or recorded statements and the substance of any oral statements of such witnesses." Clerk's Papers (CP) at 26. Counsel asked for a witness list disclosure deadline of July 20, and the State agreed.

The trial court entered an order stating that the witness list deadline was July 20. However, the State did not file its list of witnesses until July 27.

*Defense Counsel's Motion to Exclude*

On August 9, after the court called the case for trial, AV orally moved to exclude all of the witnesses on the State's witness list. Defense counsel stated that the witness disclosure deadline was selected in anticipation of her being out of the office for an entire week just prior to

the trial. She suggested that the State's witness list was filed during her absence. She stated that she had only returned to the office a few days before trial.

The State objected to the form of AV's motion because it was made without a written motion or supporting declaration. The State also argued that AV was not entitled to exclude all of the State's witnesses, which essentially would result in a dismissal of the case, because AV could not demonstrate actual prejudice. The State argued that the appropriate remedy for the late witness disclosure was the imposition of monetary sanctions or allowing for a continuance.

The court granted AV's motion. The court stated its reasoning on the record:

[T]he witness list . . . was filed on the 27th. So, that's almost a week after the Order. . . . The filing on the 27th gave [defense counsel] roughly eight working days prior to trial, seven days prior to trial, to sort through the witnesses that were in the State's witness list.

And my concern becomes under 8.3(b) case mismanagement, . . . what was the point of having a discussion at pretrial, . . . if, in fact, it doesn't mean anything.
. . . .

We came up [with] the Court Order, and it gave everybody a reasonable deadline. . . . I guess my remedy here is to preclude the State from calling the witnesses that were not identified in a timely manner pursuant to the Court's Order. And I realize that's an extreme remedy under 8.3(b); but, I think there's a reason the Court did an Order. I think there's a reason why we do pretrials, and I don't think we can just ignore those.
. . . .

If this was a situation where the witness list got to the Defense late, or close to trial, and there was no Court Order and the issue had never been discussed, then I think . . . a continuance is the appropriate remedy. In a situation like this, where we had a very specific discussion of this at pretrial, and the parties agreed to an Order setting a deadline, and the Court allowed the parties to have input on that Order as to what was a reasonable way to deal with that, for me now to ignore that Order, essentially as if it didn't exist and it wasn't incumbent upon the parties to follow it, essentially makes the entire thing superfluous. It means it didn't do any good. . . . I think the Court's Orders matter. I think deadlines matter. When we agree on an Order, it needs to be followed.

3

> And I think if there's no following of that Order, there's certainly a prejudice in that the Defense should be able to rely on a Court Order to set appropriate deadlines in cases. They should be able to rely on it, and if it doesn't get followed, I think there's an inherent prejudice there, in that it changes the way they manage their case.

RP at 20-24.

The trial court entered findings of fact and conclusions of law and an order dismissing the State's case against AV. One of the findings was that AV was arraigned on June 7, but in the same finding the court stated that the matter was set for continued arraignment on July 12. Based on the June 7 arraignment date, the court found that the time for trial expired on August 7 although neither party objected to the August 9 trial date. The court concluded that AV was prejudiced because he was "faced with the Hobson's Choice of either agreeing to waive his right to a speedy trial so that his attorney could adequately prepare or proceed to trial with an attorney that was unprepared." CP at 5.

The State appeals the trial court's exclusion of its witnesses and dismissal of the charges against AV.

## ANALYSIS

A.    LEGAL PRINCIPLES – CRR 8.3(b)

CrR 8.3(b) provides the trial court with authority to dismiss a criminal prosecution based on government misconduct:

> The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.

To justify dismissal under CrR 8.3(b), the defendant must show that (1) arbitrary action or governmental misconduct occurred and (2) the misconduct caused prejudice affecting the defendant's right to a fair trial. *State v. Barry*, 184 Wn. App. 790, 797, 339 P.3d 200 (2014).

4

Government misconduct does not require that the State act dishonestly or in bad faith. *State v. Kone*, 165 Wn. App. 420, 433, 266 P.3d 916 (2011). Simple mismanagement is enough. *Id*. Government misconduct can include late disclosure of witnesses in violation of CrR 4.7 discovery rules. *State v. Salgado-Mendoza*, 189 Wn.2d 420, 429, 433-34, 403 P.3d 45 (2017)[1]; *State v. Brooks*, 149 Wn. App. 373, 382-83, 203 P.3d 397 (2009). The defendant must show only "that the State, with no presumption of ill will, belatedly disclosed material information." *Salgado-Mendoza*, 189 Wn.2d at 434.

To show prejudice as required under CrR 8.3(b), a defendant must do more than generally allege prejudice to his fair trial rights or show a mere possibility of prejudice. *Salgado-Mendoza*, 189 Wn.2d at 432. The defendant must show actual prejudice. *Id.* at 431-32. As the rule states, dismissal is appropriate only when the government's misconduct prejudices the rights of the defendant in a manner that materially affects his or her right to a fair trial. CrR 8.3(b); *State v. Garza*, 99 Wn. App. 291, 295, 994 P.2d 868 (2000).

Dismissal under CrR 8.3(b) is an extraordinary remedy. *State v. Wilson*, 149 Wn.2d 1, 9, 65 P.3d 657 (2003). A trial court should consider intermediate remedial steps before ordering this extraordinary remedy. *Id*. at 12. And a trial court should dismiss charges under CrR 8.3(b) only as a last resort. *Id*. In addition, the exclusion of evidence because of a discovery violation is an extraordinary remedy that should be applied narrowly. *State v. Hutchinson*, 135 Wn.2d 863, 882, 959 P.2d 1061 (1998).

---

[1] *Salgado-Mendoza* involves CrRLJ 8.3(b), but the language of that rule is identical to CrR 8.3(b).

We review a trial court's dismissal ruling under CrR 8.3(b) for an abuse of discretion. *Salgado-Mendoza*, 189 Wn.2d at 427. The trial court abuses its discretion by making a decision that is manifestly unreasonable or based on untenable grounds. *Id*. However, the trial court's discretion must be exercised in light of the fact that dismissal is an extraordinary remedy. *See State v. Rohrich*, 149 Wn.2d 647, 653-54, 71 P.3d 638 (2003).

B.      TRIAL COURT ABUSE OF DISCRETION

We agree with the trial court that the State's late disclosure of its witness list in violation of the court's order constituted misconduct. However, we conclude that the trial court abused its discretion in striking all of the State's witnesses and dismissing the case under CrR 8.3(b).

We rely on five factors. First, we agree with the State that substantial evidence does not support the trial court's finding of fact that arraignment occurred on June 7, 2018. The record shows that because AV appeared late for his arraignment, the trial court expressly continued the arraignment until July 12. The court announced the continued arraignment orally, and also stated that arraignment was continued to July 12 in an Order Setting Arraignment Date. The court's minute order on July 12 describes the hearing as "Arraignment Continued." CP at 6. Therefore, the evidence shows that arraignment occurred on July 12, not June 7.

Second, because arraignment was on July 12, we agree with the State that substantial evidence does not support the trial court's finding of fact that the deadline for AV's hearing was August 7. When a juvenile defendant is not in custody, an adjudicatory hearing must be scheduled within 60 days of arraignment. JuCR 7.8(b)(2), (c)(1). This means that the deadline for AV's hearing was September 10, not August 7.

Third, because the deadline for AV's hearing was over a month after August 7, the evidence does not support the trial court's conclusion that the late witness disclosure prejudiced

AV. "A defendant may be impermissibly prejudiced if a late disclosure compels him to choose between his right to a speedy trial and his right to be represented by adequately prepared counsel." *Salgado-Mendoza*, 189 Wn.2d at 436. But here, AV was not faced with such a choice. The trial court could have continued AV's hearing to give defense counsel adequate time to prepare and still have been well within the deadline for AV's hearing.

Fourth, the trial court failed to consider less harsh sanctions than excluding the State's witnesses and dismissing the case. The general approach to discovery violations is that trial courts are encouraged to "impose the least severe sanction that adequately addresses the prejudice." *Id.* at 431. Dismissal of criminal charges under CrR 8.3(b) should not be employed as a remedy for government mismanagement if " 'intermediate remedial steps' " are adequate to protect the defendant's fair trial right. *Wilson*, 149 Wn.2d at 12 (quoting *State v. Koerber*, 85 Wn. App. 1, 4, 931 P.2d 904 (1996)). Here, the trial court was most upset by the fact that the State had violated its order. Monetary sanctions would have been an appropriate sanction for that violation. And as noted above, the trial court could have continued the hearing without infringing on AV's right to a speedy trial.

Fifth, dismissal under CrR 8.3(b) is an extraordinary remedy that should be ordered only as a last resort. *Wilson*, 149 Wn.2d at 9. The circumstances here were not so extraordinary that dismissal was the only appropriate remedy.

We hold that the trial court abused its discretion in striking all of the State's witnesses and dismissing the case under CrR 8.3(b).[2]

---

[2] Because we reverse on other grounds, we do not address the State's procedural arguments.

## CONCLUSION

We reverse the trial court's exclusion of the State's witnesses and dismissal of the charges against AV and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
GLASGOW, J.

_____
CRUSER, J.