79 P.3d 987 (2003)
119 Wash.App. 150
STATE of Washington, Respondent,
v.
Miguel Angel HEREDIAJUAREZ, Appellant.
No. 51146-7-I.
Court of Appeals of Washington, Division 1.
November 17, 2003.
David Koch, Attorney at Law, Seattle, WA, for Appellant.
Deric Martin, King County Pros. Office, Appellate Unit, Seattle, WA, for Respondent.

Published in Part Opinion
COLEMAN, J.
Miguel Heredia-Juarez was convicted of rape in the first degree. Heredia-Juarez argues that his right to a speedy trial was violated when the trial court granted the State's motion for a continuance to accommodate the prosecutor's prescheduled vacation and a delay in receiving deoxyribonucleic acid (DNA) results. Heredia-Juarez argues that the State had an affirmative duty to reassign the case to another deputy when the originally assigned prosecutor was unavailable. Reassignment, however, is not a per se requirement in order for the State to obtain a continuance. A preplanned vacation can be a basis to grant a continuance under CrR 3.3(h)(2) when the defendant will not be substantially prejudiced in the presentation of his defense.
Heredia-Juarez also argues that the trial court exceeded its statutory authority in imposing future counseling costs as part of his community custody. This issue is not ripe for review, as there has been no attempt to collect counseling costs.
In addition, Heredia-Juarez challenges the community custody conditions restricting his contact with minors. The State concedes *988 that setting these conditions was outside the trial court's authority, and we direct that the conditions be stricken following our remand.

Facts
Miguel Heredia-Juarez was charged with three crimes, involving two victims. The original speedy trial expiration date was May 2, 2002. On March 28, 2002, Heredia-Juarez moved to continue the case-setting hearing to April 18, 2002. He executed a waiver extending the speedy trial expiration to June 1, 2002.
At the April 18, 2002 hearing, the parties entered an agreed continuance to April 22, 2002, and the case was set for a trial date of May 30, 2002. On April 26, 2002, the prosecutor moved, pursuant to CrR 3.3(h)(2), for a continuance until June 27, 2002, to accommodate a vacation that had been planned for over a year. In addition, the State indicated that the DNA test results would not be ready before the prosecutor left for her vacation. Heredia-Juarez objected to the State's motion for a continuance. The trial court granted the motion to continue, finding, "it's appropriate in the administration of justice and [Heredia-Juarez] will not be substantially prejudiced in the presentation of the defense as a result of this, and it's not overly lengthy." The court set the trial and the speedy trial expiration for June 27, 2002.
As part of an agreement, the State amended the information, dropping the charges of kidnapping and assault, and Heredia-Juarez waived his right to a jury trial. On June 26, 2002, Heredia-Juarez was tried on stipulated facts. The trial court found Heredia-Juarez guilty of rape in the first degree. The court sentenced Heredia-Juarez to 113 months' imprisonment and imposed certain conditions of community custody. Heredia-Juarez was ordered to pay any "counseling costs for victims and families," as a term of community custody.[1] The court also imposed community custody conditions restricting Heredia-Juarez's contact with minors.
Heredia-Juarez filed a timely notice of appeal, claiming 1) his speedy trial rights were violated, 2) the court exceeded its statutory authority by requiring him to pay counseling costs without a restitution hearing on the costs, and 3) the court exceeded its statutory authority by imposing community custody conditions unrelated to the offense.

Discussion
Heredia-Juarez argues that his right to a speedy trial was violated when the trial court granted a continuance under CrR 3.3(h)(2) to accommodate the deputy prosecutor's vacation. A defendant who remains in custody must be brought to trial within 60 days after the date of arraignment. CrR 3.3(c)(1). The court may grant continuances under CrR 3.3(h)(2), which provides:
(h) Continuances. Continuances or other delays may be granted as follows:
. . . .
(2) On motion of the State, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of the defense....
The trial court's decision to grant a continuance "will not be disturbed absent a showing of a manifest abuse of discretion." State v. Williams, 104 Wash.App. 516, 520-21, 17 P.3d 648 (2001). An abuse of discretion occurs when the trial court relies on untenable grounds or reasons. State v. Teems, 89 Wash.App. 385, 388, 948 P.2d 1336 (1997).
A prosecutor's responsibly scheduled vacation is a valid basis for granting a continuance. State v. Torres, 111 Wash.App. 323, 331, 44 P.3d 903 (2002), review denied, 148 Wash.2d 1005, 60 P.3d 1212 (2003).
Fairness in administration and effective justice requires that responsibly scheduled vacations of deputy prosecutors be honored by the State. To construe CrR 3.3 otherwise would be to deprive deputy prosecutors of the dignity they deserve, and would result eventually in less effective *989 justice as well as in unfairness in the administration of justice.
State v. Kelley, 64 Wash.App. 755, 767, 828 P.2d 1106 (1992).
The precise issue before this court is whether Kelley imposes a per se requirement that the State reassign the case to the next most available prosecutor. In Kelley, the court stated:
This is not to say that the State has no responsibility to reassign a vacationing deputy's cases to the next most available deputy, and to control the schedule of vacations in such a manner as to minimize the need to reassign cases. Such clearly is required and such clearly was done here.
We emphasize that the State has an obligation to accommodate both responsibly scheduled vacations for its deputy prosecutors and a defendant's CrR 3.3 rights. We hold that when the State has responsibly managed its resources in terms of the available deputy prosecutors, courtrooms and judges, and also in terms of the responsible scheduling of prosecutor vacations, but due to unforeseen or unavoidable circumstances beyond the control of the parties or the court, a criminal case cannot be tried on its set date or before the CrR 3.3 expiration date, the State may accommodate the planned vacation of the deputy prosecutor, so long as the case is reassigned in good faith to the next most available deputy prosecutor.
Kelley, 64 Wash.App. at 767, 828 P.2d 1106.
Initially, it is important to note that in Kelley the prosecutor had reassigned the case and, thus, the court was not confronted with the issue of a continuance granted without reassignment. The essence of Kelley's holding is the prosecutor's duty to responsibly schedule vacations and manage the office's caseload. Thus, Kelley should not be read to impose a per se duty of reassignment, but rather, to require the prosecutor to responsibly manage vacations and the caseload.[2]
Additionally, none of the cases since Kelley have imposed an affirmative duty to reassign in every case in which the prosecutor's schedule conflicts with the defendant's speedy trial rights. In State v. Selam, 97 Wash.App. 140, 982 P.2d 679 (1999), Division Three stated in dicta that Kelley holds that the prosecutor has a responsibility to attempt reassignment. Another case, however, discussed the availability of the prosecutor without imposing a duty to reassign. See State v. Williams, 104 Wash.App. 516, 17 P.3d 648 (2001) (holding that the trial court did not abuse its discretion in granting five continuances due to the deputy prosecutor's unavailability and the need for defense counsel to prepare). In addition, other cases have discussed continuances without requiring reassignment. See State v. Angulo, 69 Wash.App. 337, 848 P.2d 1276 (1993) (holding that the trial court did not abuse its discretion in granting continuance under the speedy trial rule in order to allow another case to go to trial); State v. Carson, 128 Wash.2d 805, 912 P.2d 1016 (1996) (holding that the unavailability of counsel due to trial schedules justifies an extension). With this history in mind, we take this opportunity to clarify Kelley and hold that there is not a per se requirement of reassignment when a prosecutor becomes unavailable. In exercising its discretion to grant or deny a continuance, the trial court is to consider all relevant factors.
In applying these principles to the case at hand, the following factors support the trial court's decision to grant a continuance to accommodate the prosecutor's previously scheduled vacation.
First, the State's requested continuance was necessitated by Heredia-Juarez's earlier request for a continuance. The deputy prosecutor's *990 vacation did not conflict with the originally scheduled trial date. We also note that the deputy prosecutor acted responsibly in promptly notifying the court of the conflict.
Second, Heredia-Juarez was charged with three separate counts involving two victims. Two of the charges, rape in the first degree and kidnapping in the first degree, are serious class A felonies. The complexity of the case is a factor the trial court may consider in determining the feasibility of reassignment.
In addition, the prosecutor in this case had been assigned to the case since before the arraignment. The State argues that in cases such as this, it is important for the prosecutor to establish a rapport with the victims. The necessity to build rapport with victims, especially those involved in serious crimes, may properly be considered by the trial court in determining whether to require reassignment.
Finally, as with all continuances, the court must determine if the defendant would be substantially prejudiced by a delay. CrR 3.3(h)(2). Here, Heredia-Juarez does not contend that the short delay prejudiced his defense. Under the circumstances presented, the trial court did not abuse its discretion in granting the continuance to accommodate the deputy prosecutor's prescheduled vacation.[3]
We affirm and remand.
The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
SCHINDLER and GROSS, JJ., concur.
NOTES
[1] The court also ordered Heredia-Juarez to pay $772.59 as restitution for "medical care." This restitution order is not at issue in this appeal.
[2] We note that Kelley involved an extension granted under CrR 3.3(d)(8) and the instant case involves a continuance under CrR 3.3(h)(2). While the standards used in granting an extension or continuance are different, our holding regarding the duty to reassign is the same for both extensions and continuances. We see no discernible difference with respect to the application of this rule. To hold that reassignment is necessary for extensions under CrR 3.3(d)(8) but not for continuances under CrR 3.3(h)(2) is not logical. Extensions are only to be granted under CrR 3.3(d)(8) when unforeseen circumstances prevent the trial from taking place as scheduled. The emergency nature of the extension makes it less likely that reassignment would be feasible than in the case of a continuance where the time frame may allow reassignment.
[3] Heredia-Juarez also argues that the trial court erred in granting the continuance based on the delay in receiving DNA evidence. We need not reach this issue because any delay in receiving the DNA evidence did not extend beyond the delay due to the prosecutor's vacation.