
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37169-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHANE MICHAEL CURTISS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — A jury found Shane Curtiss guilty of possessing a stolen motor vehicle and driving while license suspended in the second degree, and acquitted him of unlawful possession of a controlled substance. On appeal, Mr. Curtiss argues that the trial court violated his right to a speedy trial under CrR 3.3. We disagree and affirm.

FACTS

Shane Curtiss was arrested on several criminal charges and made his first court appearance on June 10, 2019. He remained in custody in lieu of bail, and was arraigned on June 24, 2019. At the omnibus hearing on July 25, the trial court calculated his 60-

day "time for trial" expiration date to be August 23, 2019, and set trial for August 12, 2019.

At the readiness hearing on August 9, the State moved for a continuance of the August 12 trial because the prosecutor had a scheduling conflict and the crime lab had not finished testing the evidence. The prosecutor explained that he was already scheduled for two trials with higher priority, a pretrial hearing on a significant case, and then a preplanned vacation from August 21 to 28.

Mr. Curtiss objected to the continuance. Defense counsel questioned, rhetorically, when the substances were sent to the lab, but noted that delay by a crime lab did not constitute good cause for a continuance. Mr. Curtiss did not raise an objection based on the prosecutor's scheduling conflict, but did concede that there was no prejudice to the defendant's case, other than continued confinement, if the trial were continued. The trial court continued the trial to September 30, finding good cause for the continuance and no prejudice to the defendant.

Mr. Curtiss filed a 10-day written objection to the new trial date, arguing, "[t]he sole issue is whether routine and foreseeable congestion at the Laboratory is good cause." His written objection did not contest the concurrent finding of good cause based on the prosecutor's scheduling conflict. The motion was heard on August 16. After the court overruled Mr. Curtiss's objection, counsel commented that the case could be reassigned to another prosecutor. The court did not respond to or consider this interjection.

At the next hearing, held on September 27, the court granted the State's request for a one-week continuance over Mr. Curtiss's objection. Mr. Curtiss filed another 10-day written objection to this new trial date raising the same objection based on crime lab congestion, essentially arguing that since the first continuance was erroneous, any subsequent continuance was also erroneous. The court denied the written motion at a hearing on October 4.

At that same hearing, the Court granted, over objection, the State's motion to continue the trial to October 21 due to unavailability of the crime lab analyst. This continuance was within the speedy trial period, which the court calculated as October 30, 2019, based on the 30-day buffer in CrR 3.3(b)(5) and the first continued trial date of September 30.

Mr. Curtiss filed another written objection to this new trial date within 10 days of it being set, again incorporating the arguments made previously. The court addressed this objection on October 21, the morning of trial. At this hearing, counsel also argued that the first continuance was improper because the prosecutor failed to show why the case could not have been reassigned to another prosecutor, thus allowing trial to proceed within the original speedy trial period expiring on August 23.

Mr. Curtiss's objections were overruled and the trial began on October 21. A jury found Mr. Curtiss guilty of unlawful possession of a motor vehicle and driving while

license suspended in the second degree, but acquitted him on the charge of unlawful

possession of a controlled substance.

## ANALYSIS

On appeal, Mr. Curtiss asks this court to reverse his convictions, contending that the

trial court violated his speedy trial rights under CrR 3.3. A defendant held in custody shall

be brought to trial within 60 days of arraignment. CrR 3.3(b)(1)(i). A court may grant a

continuance of the trial beyond the "time for trial" expiration date, and over a defendant's

objection, "when such continuance is required in the administration of justice and the

defendant will not be prejudiced in the presentation of his or her defense." CrR 3.3(f)(2).

This court reviews a decision to grant or deny a continuance under CrR 3.3(f) for

an abuse of discretion. *State v. Flinn*, 154 Wn.2d 193, 199, 110 P.3d 748 (2005). A

court abuses its discretion when its decision is "manifestly unreasonable, or exercised on

untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d

12, 26, 482 P.2d 775 (1971).

On appeal, Mr. Curtiss is not challenging the general rule that a prosecutor's

unavailability due to a scheduling conflict constitutes good cause to continue a trial. *See*

*State v. Raper*, 47 Wn. App. 530, 539, 736 P.2d 680 (1987); *State v. Palmer*, 38 Wn.

App. 160, 684 P.2d 787 (1984); *State v. Brown*, 40 Wn. App. 91, 697 P.2d 583 (1985);

*State v. Cannon*, 130 Wn.2d 313, 326-27, 922 P.2d 1293 (1996); *State v. Stock*, 44 Wn.

App. 467, 722 P.2d 1330 (1986); *State v. Williams*, 104 Wn. App. 516, 524, 17 P.3d 648

(2001); *State v. Jones*, 117 Wn. App. 721, 72 P.3d 1110 (2003); *State v. Heredia-Juarez*, 119 Wn. App. 150, 155, 79 P.3d 987 (2003).[1]  Instead, he argues that *before* the court can grant a continuance based on a prosecutor's scheduling conflict, the prosecutor has the burden of demonstrating that the case cannot be reassigned to another prosecutor in order to proceed to trial within the speedy trial period.

We disagree with Mr. Curtiss's argument for two reasons.  First, Mr. Curtiss did not raise this objection at a time and in a manner that would allow the trial court to address it.  Mr. Curtiss did not include this argument in any of his written objections, and he did not present it to the court in a manner that gave sufficient notice that the trial court should have developed the issue on the record.  Instead, at the hearing on August 16, after the court had overruled the "sole issue" raised in the written objection, defense counsel interjected that "there's no reason this trial can't be reassigned so my client could have his trial on or before August 23rd."  Report of Proceedings at 15.

Mr. Curtiss did not raise the issue again until October 21, when counsel argued to the trial judge that the first continuance should not have been granted without a showing

---

[1] When reviewing case law discussing CrR 3.3, this court consults pre-2003 case law with caution.  "CrR 3.3 was completely rewritten in 2003.  Because of the wholesale nature of the changes, the large body of case law that developed under the pre-2003 version of the rule must now be consulted with caution.  (Indeed, according to the drafting history of the new rule, some of that case law was the *reason for* the changes.)" 4A ELIZABETH A. TURNER, WASHINGTON PRACTICE: RULES PRACTICE CrR 3.3 cmt. 1, at 253 (8th ed. 2020) (citations omitted).  Because the 2003 amendments maintained the pre-2003 language for granting a continuance, pre-2003 case law is instructive.

that the case could be reassigned to a different prosecutor. By this time however, the original speedy trial period had passed and there was no way for the trial court to cure any defect, even assuming it found that the case could have been reassigned to another prosecutor. CrR 3.3(d)(3).

In order for an objection to have meaning under the rule, the nature of the objection needs to be articulated so that the trial court can develop the record and cure any defects. *State v. Frankenfield*, 112 Wn. App. 472, 475, 49 P.3d 921 (2002); *see also King County v. Boundary Review Bd.*, 122 Wn.2d 648, 670, 860 P.2d 1024 (1993) ("In order for an issue to be properly raised . . . there must be more than simply a hint or a slight reference to the issue in the record."). Ruling on a motion to continue is discretionary with a judge because it involves "such disparate elements as surprise, diligence, materiality, redundancy, due process, and the maintenance of orderly procedures." *State v. Eller*, 84 Wn.2d 90, 95, 524 P.2d 242 (1974). In this case, had the specific objection been raised in a timely and sufficient manner, the court could have determined whether reassignment was feasible. Failure to do so waives the objection. CrR 3.3(d)(3).

Even assuming that the objection was not waived, it would not be an abuse of discretion to continue the case due to the prosecutor's scheduling conflict. As noted above, our courts have repeatedly held that a prosecutor's unavailability because of a scheduling conflict provides good cause for a trial continuance. *Raper*, 47 Wn. App. at

539. There is no requirement for the court to consider reassignment before continuing the case. *Heredia-Juarez*, 119 Wn. App. at 155. Instead, reassignment is an option within the trial court's discretion when it is properly raised and considered.

Mr. Curtiss relies primarily on *State v. Chichester*, 141 Wn. App. 446, 170 P.3d 583 (2007). In that case, a district court dismissed a DUI prosecution under CrR 3.3, despite a claim of prosecutor unavailability. But in *Chichester*, the court had itself raised the question of prosecutor reassignment, and put the State on notice that it would be an issue. Nevertheless, on the morning of trial, the State sought a continuance and failed to demonstrate why the case could not be reassigned. The court's discretionary decision to deny a continuance was supported by the record. The trial court noted that DUI cases are some of the easiest to reassign and there were two prosecutors available to conduct the trial. *Id*. at 454.

Rather than supporting Mr. Curtiss's position, *Chichester* reaffirms that the decision to continue a trial is discretionary so long as the trial court's decision is reasonable in light of the information available. Since the court is not required to consider reassignment, and the defendant failed to put this issue before the court, it was not an abuse of discretion for the court to continue the trial beyond the original speedy trial period.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, A.C.J.