IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39171-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WARREN J. PITTMAN, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Warren Pittman challenges his convictions for rape, robbery, kidnapping, criminal impersonation of a police officer, taking a motor vehicle without permission, and malicious mischief. He claims the trial court violated his speedy trial right and erred when failing to appoint new counsel for him after his convictions. We affirm.

FACTS

The procedure during the prosecution bears more relevance to the appeal than the underlying facts of the crime. Therefore, we abbreviate the facts.

The charges against Warren Pittman arose from his conduct during a series of events involving T.F. On April 18, 2021, as T.F. exited her grandmother's home, she saw a red Dodge Charger drive by the residence. T.F. entered her own vehicle and drove to a nearby gas station. The red Charger also entered the station. A male unknown to

T.F. and later identified as Warren Pittman exited the Charger. Another male, later identified as Daniel Martinez aka Luis Carrera, sat in the Charger.

Warren Pittman unsuccessfully flirted with T.F. inside the station store. As T.F. returned to her car, Pittman approached her, lifted his shirt, and displayed a knife and firearm. Pittman claimed he was a police officer and flashed "something" in his wallet to her. 1 Report of Proceedings (1 RP) at 105. Pittman told T.F. that someone was "after" her and he would protect her. 1 RP at 103.

As T.F. attempted to walk away, Warren Pittman seized and destroyed T.F.'s cell phone. Pittman inquired whether T.F. had any illegal items or firearms. T.F. responded that she carried a small pistol in her handbag. Pittman seized the bag from her.

Warren Pittman forced T.F. into her vehicle and seized her keys against her will. Pittman drove the vehicle to a nearby motel. During this trip, Pittman cautioned T.F. not to run or else he would injure her or her family. At the motel, Pittman tied T.F. to a bed and gagged her. T.F. noticed Luis Carrera initially in the room but Carrera left after Pittman asked him to excuse himself.

Warren Pittman untied T.F. from the bed and took her to a ubiquitous Wal-Mart. T.F. did not flee or request help while at the Wal-Mart store for fear Pittman would kill her or her family.

After T.F. and Warren Pittman returned to the motel, T.F. showered as instructed by Pittman. Pittman placed his knife and firearm on a table behind the bed and

2

threatened to employ the weapon against T.F. if she did not cooperate. Pittman stripped

to his underwear, massaged T.F., and inserted his fingers inside T.F.'s vagina and anus.

Pittman rejected T.F.'s entreaties to stop. After Pittman ended the penetration, he went to

sleep on the motel bed. T.F. got dressed and slept on the same bed, while Luis Carrera

slept on the second bed in the room. With Pittman asleep, T.F. wrote a note on a motel

room pad and slipped the note between the shower curtain and the tub in the bathroom.

The note read:

> Help me. I've been kidnapped. I'm [T.F.]. We are in my car.
> 9-1-1.

1 RP at 134.

When Warren Pittman awoke, Pittman, T.F., and Luis Carrera moved to a second

motel. They drove in T.F.'s car. While in the motel room, a police officer called

Pittman. Shortly thereafter, law enforcement officers appeared at the motel room and

arrested Pittman.

## PROCEDURE

The State of Washington charged Warren Pittman with first degree rape, first

degree robbery, first degree kidnapping, first degree criminal impersonation of a police

officer, second degree taking a motor vehicle without permission, and third degree

malicious mischief. The superior court arraigned Pittman on March 1, 2022 and then

scheduled trial to begin April 25, 2022.

3

During an April 4, 2022 trial readiness hearing, defense counsel announced he would not be ready to proceed to trial on April 25. Warren Pittman approved of a trial continuance. The superior court rescheduled the trial to begin on May 23, with a trial readiness date of May 2, 2022.

During the May 2, 2022 trial readiness hearing, substitute defense counsel for Warren Pittman announced that lead defense counsel had not instructed him to agree to a May 23 trial date. Nevertheless, Pittman personally objected to a trial continuance. After Pittman's objection, substitute defense counsel asked the superior court to retain the May 23 trial date with the anticipation that defense counsel might later file a motion for a continuance. The court commented: "So I'm indicating defense to file a motion." RP (May 2, 2022) at 6. The court added: "I have not noted this as ready because on the record [sic], so I'll leave it to defense to file a motion." RP (May 2, 2022 at 7).

On some unknown date after May 2, defense counsel asked the State to schedule witness interviews for May 11, 2022. The State responded that it could not schedule interviews before the scheduled trial date of May 23, 2022.

Defense counsel did not file a motion to continue the May 23 trial date. On May 16, 2022, the State moved to continue the trial date until June 13, 2022, because of a scheduling conflict for the assigned prosecutor.

On May 19, 2023, the superior court considered the State's motion to continue the May 23 trial date. With the assigned prosecutor in trial, the covering State's attorney

4

commented that the prosecutor was not available for a May 23 trial date. Substitute

State's counsel added that the lead defense attorney needed more time to interview

witnesses. The State's attorney added that Warren Pittman objected to a continuance.

During the May 19 hearing, the superior court asked if Warren Pittman's assigned

counsel would be ready for a May 23 trial. RP (May 19, 2022) at 6. The following

exchange occurred:

> THE COURT: Is the defense ready on the current date?
> [DEFENSE COUNSEL]: The only notes I have from [assigned counsel] Ms. Wasilewski, Your Honor, is that she needs the interview set up with the alleged victim; it didn't say one way or the other.
> THE COURT: Can you identify any prejudice the continuance would cause?
> [DEFENSE COUNSEL]: I mean, I cannot,
> Your Honor; however, Mr. Pittman is in custody.
> THE COURT: Very well. Thank you. The Court will grant a good cause continuance. There is a finding by the Court that the continuance is necessary in the administration of justice; neither side is ready for trial at this time. There's only been one prior agreed continuance that was jointly agreed by the parties, so I will grant the continuance.
> [The assigned prosecutor] is unavailable for trial due to being in another trial, and additional work needs to be done on the defense side, and [the defense] needs to conduct an interview, and she would not be prepared or adequately prepared on the current date.

RP (May 19, 2022) at 9.

The superior court then postponed the May 23 trial date until June 13, 2022 and

scheduled a readiness hearing for May 31, 2022. The court's written order reads that

defense counsel needed to interview the victim, the deputy prosecuting attorney needed

to conduct another trial, and the continuance was the second continuance. On the

signature line for Warren Pittman on the order of continuance, Pittman wrote "objects on the record." Clerk's Papers (CP) at 28.

On June 9, 2022, the superior court heard another motion by the State for a trial continuance. The State sought postponement of the June 13 trial date due to the unavailability of the lead detective. Both defense counsel and Warren Pittman objected. The superior court found good cause to continue because of the unavailability of the material witness, who the State planned to have sit at counsel table during trial. The court scheduled a June 27 trial date.

During the June 9 motion hearing, defense counsel stated that Warren Pittman may wish to address the court about the continuance. The superior court cautioned Pittman about speaking and informed Pittman that his objection was already placed on the record. Pittman then declined to speak.

For reasons outside of the record, trial ultimately began on July 12, 2022. On July 21, the jury found Warren Pittman guilty of all six charges. The superior court scheduled sentencing for September 2 in order to afford time for the preparation of a presentence report as required due to the rape conviction.

On August 11, 2022, Warren Pittman directed his defense counsel to seek permission for Pittman to represent himself. On August 15, 2022, Pittman, through counsel, filed a motion for permission to proceed pro se.

On August 31, 2022, the trial court entertained the motion to proceed pro se.

Warren Pittman personally addressed the court. The court mentioned receiving, on

August 29, an undated, unfiled handwritten letter from Pittman. In the letter, Pittman

requested a retrial. He claimed his counsel advised him that he did not qualify for a new

trial, but Pittman disagreed with his counsel. The letter listed the following grievances:

- Ineffective assistance of counsel
- Failure to give a lesser charge to the jury
- Failure to question the jury on the reason for its verdict
- Constitutional violations by Prosecutor Dale Nagy

Warren Pittman ended his letter to the superior court: "How do I put in a motion for

retrial & how I get my attorney fired and move over to counsel for defense." CP at 141.

During the August 31 hearing, the trial court remarked:

> THE COURT: I guess I want to kind of focus on whether or not
> you—(1) we haven't finished yet, because usually we finish the case, and
> then if there is a motion for a new trial, it has to be a basis that fits under
> the motion for a new trial. Ineffective assistance of counsel, failure to give
> a lesser included, they don't have to talk to the jury because they can't
> question the jury about their verdict. They can ask how did I do, what
> could I have done better, those kind of things, but they can't say, Why did
> you find this, and those kind of questions, I guess.
> But those would be appellate issues for an appellate attorney to
> independently look at the record and decide is there a basis for an
> ineffective assistance of counsel, is there a basis for a lesser included.
> Those are things I normally see on appeals all the time.
> As far as a new trial, if there's a procedural issue that was missed—I
> didn't see it in the letter that you sent me. So if your attorney's saying, I'm
> not going to file for a new trial because there is no legal basis to i[t], those
> you all take up with the Court of Appeals.

1 RP at 410-11.

The superior court assured Warren Pittman that he could get new counsel appointed for an appeal if he satisfied the financial standards. The court redirected Warren Pittman's attention to his upcoming sentencing:

> As far as right now, for the purposes of sentencing—because that's all I see you right now at this point—you have a choice to represent yourself, you can hire your own attorney if you want. But at this point, all the stuff that you're arguing is not good reason to basically remove them for sentencing purposes.

1 RP at 413.

During the August 31 hearing, Warren Pittman retorted: "I was looking for more of a retrial". 1 RP at 413. The superior court repeated that Pittman needed to ask for a new trial during any appeal and reminded Pittman that his pending motion sought permission to proceed pro se. Pittman decided to keep current counsel for purposes of sentencing. The court entered an order denying Pittman's request to proceed pro se.

The superior court conducted sentencing on September 6, 2022. Warren Pittman requested leniency. He praised the superior court judge, but criticized the evidence, the jury, the court system, and the violation of his constitutional rights. The court sentenced Pittman to 280 months.

## LAW AND ANALYSIS

On appeal, Warren Pittman complains that the trial court violated his speedy trial rights by granting trial continuances without good cause. He also assigns error to the superior court's purported refusal to appoint him new counsel to file a motion for a new

8

trial. He contends that his counsel at the time harbored a conflict of interest because grounds for a new trial included ineffective assistance of counsel at trial.

## Trial Continuances

Warren Pittman challenges the trial court's May 19, 2022 order continuing his trial. CrR 3.3 governs a defendant's right to be brought to trial in a timely manner. CrR 3.3(b)(1) and (c)(1) provide that a defendant detained in jail must be brought to trial within sixty days of arraignment. A charge not brought to trial within the time limits of CrR 3.3 generally must be dismissed with prejudice. CrR 3.3(h).

When any period of time is excluded from the speedy trial period under CrR 3.3(e), the speedy trial period extends to at least "30 days after the end of that excluded period." CrR 3.3(b)(5). Excluded periods under CrR 3.3(e) include delays "granted by the court pursuant to section (f)." CrR 3.3(e)(3). A court may grant a continuance when a continuance "is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." CrR 3.3(f)(1), (2).

A decision to grant or deny a motion for a continuance is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Ollivier*, 178 Wn.2d 813, 822-23, 312 P.3d 1 (2013). We will not second guess the superior court's discretion when granting a continuance for good cause. *State v. Flinn*, 154 Wn.2d 193, 201, 110 P.3d 748 (2005). A court abuses its discretion if its decision is manifestly

unreasonable, based on untenable grounds, or based on untenable reasons. *State v. Kenyon*, 167 Wn.2d 130, 135, 216 P.3d 1024 (2009).

On Warren Pittman's March 1, 2022 arraignment, the superior court scheduled a trial date of April 25, 2022. On April 4, 2022, the trial court granted defense counsel's request for a continuance to May 23, 2022. This continuance extended the speedy trial deadline to June 22, 2022.

At the readiness hearing on May 2, 2022, Warren Pittman objected to a continuance of the May 23 trial setting. Because substitute defense counsel declined to announce the case ready for trial, the superior court instructed defense counsel to file a motion to continue the trial date.

When the defense failed to file a motion, the State filed a motion to continue the May 23 trial date. At the May 19, 2022 hearing on the motion, the defense counsel expressed a desire to interview a witness. The trial court ordered the continuance over Pittman's objection. The trial court found two circumstances that justified postponement of the May 23 date: (1) defense counsel's representation that more time was needed to interview the alleged victim and (2) the prosecutor's unavailability.

Warren Pittman complains that the superior court granted the trial continuance for defense counsel to interview witnesses when neither Pittman nor his attorney asked for a trial continuance. The State responds that the superior court may continue a trial when defense counsel declines to agree to readiness for trial. The State also contends Pittman

invited any error. We need not address the validity of this contention because the need for one or more interviews did not comprise the sole basis for the continuance.

The State also sought the trial continuance because of its lead counsel's unavailability. On appeal, Warren Pittman assigns error to the superior court's failure to explore the likelihood of counsel's other trial occurring or the possibility of another counsel substituting for lead counsel at trial. We disagree.

Warren Pittman cites no decision that demands that the superior court explore the likelihood of a conflicting trial happening. From experience as attorneys and trial court judges, we know that courts do not know in advance the likelihood of trials occurring and many trials are postponed the day before or even the first day of trial. By the time the State might know if its lead counsel's other trial did not proceed, lead counsel, who had prepared for the other trial, would not be prepared for Pittman's trial.

Warren Pittman faults the superior court for failing to inquire whether a different prosecutor could proceed to trial. Nevertheless, the court may consider scheduling conflicts when granting continuances. CrR 3.3(f). Even a prosecutor's responsibly scheduled vacation is a valid basis for granting a continuance. *State v. Torres*, 111 Wn. App. 323, 331, 44 P.3d 903 (2002). The superior court need not demand that the State reassign another counsel to try a prosecution. *State v. Heredia-Juarez*, 119 Wn. App. 150, 154-55 79 P.3d 987 (2003). Lead counsel generally possesses the greatest

11

familiarity with the facts behind the prosecution, which may benefit trial fairness and efficiency.

Warren Pittman forwards *State v. Kelley*, 64 Wn. App. 755, 828 P.2d 1106 (1992). He maintains that *Kelley* directs the superior court to reassign a prosecution to the next most available deputy prosecutor. *Kelley* involved a prosecutor's vacation schedule. The court wrote:

> Fairness in administration and effective justice requires that responsibly scheduled vacations of deputy prosecutors be honored by the State. To construe CrR 3.3 otherwise would be to deprive deputy prosecutors of the dignity they deserve, and would result eventually, in less effective justice as well as in unfairness in the administration of justice.
> This is not to say that the State has no responsibility to reassign a vacationing deputy's cases to the next most available deputy, and to control the schedule of vacations in such a manner as to minimize the need to reassign cases. Such clearly is required and such clearly was done here.

*State v. Kelley*, 64 Wn. App. 755, 767 (1992).

The ruling in *State v. Kelley* sends a mixed message about continuances because of a lead prosecutor's vacation. Nevertheless, the State's attorney in Warren Pittman's prosecution did not seek a continuance because of a vacation, but because of another trial conflict. Also, the State charged Joseph Kelley with one count of second degree burglary, the complexity of which softens in comparison with Pittman's six-count prosecution.

Substitute Counsel

Warren Pittman next assigns error to the superior court denying his request for a conflict-free counsel to assist with filing a motion for a new trial on grounds of ineffective assistance of trial counsel. We decline to address this contention because Pittman never asked the court for substitute counsel. Instead, he asked to represent himself. He withdrew this request at the hearing on his motion. As a general rule, appellate courts will not consider issues raised for the first time on appeal. RAP 2.5(a).

Statement of Additional Grounds

In his statement of additional grounds, Warren Pittman complains about the introduction of evidence and the superior court's response to a jury question during its deliberations. During trial, Pittman raised no objection to the evidence or the trial court's response to the question. As a general rule, appellate courts will not consider issues raised for the first time on appeal. RAP 2.5(a).

In his statement, Warren Pittman cites a number of cases that he claims conflicts with his conviction. He never tendered the cases to the superior court.

CONCLUSION

We affirm Warren Pittman's convictions.

No. 39171-0-III
*State v. Warren J. Pittman*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, C.J.

WE CONCUR:


_____
Lawrence-Berrey, J.


_____
Cooney, J.


14